**Reeve Brown PLLC**
**C. Allan Reeve, Esq.**
**3380 Monroe Avenue, Suite 200**
**Rochester, New York 14618**
**Telephone: (585) 310-1610**
**Fax: (585) 287-5272**
**careeve@reevebrownlaw.com**

**Attorneys for Plaintiff**
**Energy Panel Structures, Inc.**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**
for the use and benefit of
**ENERGY PANEL STRUCTURES, INC.,**
as assignee of Fingerlakes Construction Company, Inc.,

           **Plaintiff,**             **CIVIL ACTION NO.**
    vs                                              **6:18-cv-06838**

**THE WHITING-TURNER CONTRACTING**
**COMPANY, FIDELITY AND DEPOSIT**             **COMPLAINT**
**COMPANY OF MARYLAND**
**AND LIBERTY MUTUAL INSURANCE**              (Breach of Contract -
**COMPANY,**                                   Miller Act)

           **Defendants.**

---

Plaintiff, Energy Panel Structures, Inc., by its attorneys Reeve Brown PLLC, complaining of the Defendants, The Whiting-Turner Contracting Company, Fidelity and Deposit Company of Maryland and Liberty Mutual Insurance Company, hereby alleges and states as follows:

### NATURE OF ACTION

1.    In 2010 Fingerlakes Construction Company, Inc. ("FLC") and The Whiting-Turner Contracting Company ("Whiting-Turner") entered into a subcontract ("Subcontract") in

1

which FLC agreed to provide a pre-engineered building system as part of Whiting-Turner's contact with non-party Department of Veterans Affairs ("VA") to construct a biomass cogeneration system at the VA medical center in Canandaigua, New York ("Project"). In 2013 FLC assigned its rights and duties under the Subcontract to Energy Panel Structures, Inc. ("EPS"). EPS brings this action to recover $563,875.00 for the uncompensated cost of labor and material by FLC and EPS as a result of uncontemplated, multi-year delays to the Project, and $279,109.87 for unpaid applications for payment, for a total claim of $838,778.76 due to plaintiff from the defendants.

**PARTIES**

2. EPS at all times pertinent hereto was and is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 603 Van Gordon Avenue, Graettinger, Iowa.

3. FLC, as it was known prior to April 8, 2013, and FLC Holdings, Inc., as FLC came to be known as of April 8, 2013, at all times pertinent hereto was and is a corporation organized and existing under the laws of the State of New York. Prior to April 8, 2013 said corporation's principal place of business was 10269 Old Route 31 West, Clyde, New York; and as of April 8, 2013 its principal place of business became 2232 Gannett Road, Lyons, New York.

4. Whiting-Turner at all times pertinent hereto was and is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 300 East Joppa Road, Towson, Maryland.

5. Fidelity and Deposit Company of Maryland ("F&D") at all times pertinent hereto was and is an insurance company organized and existing under the laws of the State of Maryland with its principal place of business at 1400 American Lane, Tower I, 19th Floor,


Schaumburg, Illinois, and is a subsidiary of Zurich American Insurance Company. F&D is authorized to operate in New York and is in the business of issuing performance and payment surety bonds.

6. Liberty Mutual Insurance Company ("Liberty Mutual") is a stock insurance company organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Liberty Mutual is authorized to operate in New York and is in the business of issuing performance and payment surety bonds.

## JURISDICTION/VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the provisions of the Miller Act, 40 U.S.C. §3131, et seq.

8. Venue is proper in the Western District of New York pursuant to 40 U.S.C. §3133(b)(3)(B) as the performance of the Subcontract took place in Canandaigua, Ontario County, New York, which is within the Western District of New York.

## BACKGROUND

9. On or about June 29, 2010 Whiting-Turner and the VA entered into a contract ("Prime Contract") No. VA701-RA-0063 pursuant to which Whiting-Turner agreed to design and construct a renewably fueled cogeneration system at the Canandaigua VA Medical Center, Canandaigua, New York.

10. Non-party VA is an agency within the United States Government with its principal office located at 810 Vermont Avenue, NW, Washington, D.C.

11. On or about July 6, 2010, pursuant to the terms of the Prime Contract, and in accordance with 40 U.S.C. 3131, Whiting-Turner, as principal, and F&D and Liberty Mutual, as co-sureties, issued a payment bond ("Payment Bond"), F&D Bond No. 9010389 and Liberty

Mutual Bond No. 017034325, in the penal sum of $15,282,432.00. (A copy of the Payment Bond is attached hereto as **Exhibit "A."**)

12. On or about September 10, 2010, Whiting-Turner received a Notice to Proceed from the VA to commence with the work on the Prime Contract.

13. The Prime Contract required that all work on the Project be completed within 630 calendar days from the date of the Notice to Proceed, i.e. May 30, 2012.

14. On December 15, 2010, Whiting-Turner and FLC entered into the Subcontract pursuant to which FLC agreed generally to furnish and install a pre-engineered building system, and to provide general construction for the stipulated sum of $1,202,298.00. The Court is respectfully referred to the Subcontract for a full statement of its terms and conditions. (A copy of the Subcontract form with Exhibits A through K is attached hereto as **Exhibit "B."**)

15. Exhibit K to the Subcontract form is a schedule ("Project Schedule") which states that as of the date of the Subcontract the planned completion date for the Project was February 20, 2012.

16. On or about April 5, 2013, the rights and obligations of FLC under various contracts, including the Subcontract, were acquired by EPS pursuant to a certain Asset Purchase Agreement (A copy of said Asset Purchase Agreement, without exhibits, is attached hereto as **Exhibit "C."**)

17. On or about April 8, 2013, FLC changed its name and became known as FLC Holdings, Inc. (A copy of the New York State Department of State Division of Corporations record of the filing of the change in names is attached hereto as **Exhibit "D".**)

18. On or about October 15, 2014, Whiting – Turner and EPS entered into Consent to Assignment Agreement in which Whiting–Turner agreed to the assignment of the rights and

4

obligations of FLC Holdings, Inc. under the Subcontract to EPS. (A copy of said Consent to Assignment Agreement is attached hereto as **Exhibit "E."**)

19. EPS fully and satisfactorily completed its work under the Subcontract; and for reasons not attributable to EPS, the last date on which EPS provided labor, material or service under the Subcontract was not until April 25, 2018.

20. At the time Whiting-Turner and FLC entered into the Subcontract neither party contemplated a delay in the completion of the Subcontract for a period of more than six years.

20. As a result of the delayed completion of the Subcontract FLC and EPS incurred additional costs and expenses totaling $563,875.00.

21. On or about June 5, 2017, EPS presented a Request for Equitable Adjustment for Delay Damages to Whiting-Turner in the amount of $563,875.00.

22. Upon information and belief, Whiting-Turner presented the Request for Equitable Relief by EPS to the VA in support of Whiting-Turner's delay claim to the VA.

23. Upon information and belief, Whiting-Turner and the VA reached an agreement with respect to the settlement of Whiting-Turner's delay claim.

24. Pursuant to said settlement agreement the VA paid Whiting-Turner a certain amount of money.

25. Neither the terms of said settlement agreement between the VA and Whiting – Turner, nor the amount of the payment by the VA to Whiting-Turner have been disclosed to EPS.

26. In response to EPS' Request for Equitable Relief, Whiting-Turner has offered to pay EPS the sum of $330,321.00, which offer was rejected by EPS.

27. EPS has requested payment from Whiting-Turner for the additional costs for labor and material provided by FLC and EPS to the Project in the amount of $563,875.00, in response to which EPS has not received any payment from Whiting-Turner.

28. On or about April 13, 2018, EPS submitted its Application for Payment No. 39 in the amount of $1,118.38 to Whiting-Turner.

29. Whiting-Turner has not asserted any objection to Application for Payment No. 39 submitted by EPS.

30. Whiting-Turner has not paid EPS any amount of its Application for Payment No. 39.

31. As a consequence, EPS is entitled to compensation from Whiting-Turner in the amount of $1,118.38, plus interest, for Application for Payment No. 39.

32. On or about May 18, 2018, EPS submitted its Application for Payment No. 40 in the amount of $273,785.38 to Whiting-Turner.

33. Whiting-Turner has not asserted any objection to Application for Payment No. 40 submitted by EPS.

34. Whiting-Turner has not paid EPS any amount of its Application for Payment No. 40.

35. As a consequence, EPS is entitled to compensation from Whiting-Turner in the amount of $273,785.38, plus interest, for Application for Payment No. 40.

36. Due to Whiting-Turner's failure to pay EPS for its Request for Equitable Adjustment for Delay Damages and Applications for Payment Nos. 39 - 40, the amount unpaid and owed by Whiting-Turner to EPS for labor and material provided by FLC and EPS pursuant to the Subcontract is the total amount of $838,778.76, plus interest.

## FIRST COUNT
**(Breach of Contract – Miller Act)**

37. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1 through 36 as though fully set forth at length herein.

38. Whiting-Turner and FLC entered into the Subcontract, which was and is a binding agreement directly between them, pursuant to which FLC and EPS, as FLC's assignee, were to provide certain labor and material in compliance with the Subcontract.

39. FLC fully and satisfactorily performed its obligations under the Subcontract until its rights and obligations were assigned to EPS by virtue of the April 5, 2013 Asset Purchase Agreement (Exhibit C).

40. As a consequence of executing the Consent to Assignment Agreement (Exhibit E), on October 15, 2014, Whiting-Turner consented to EPS as being the assignee of all of FLC's rights and duties under the Subcontract.

41. EPS fully and satisfactorily performed its obligations under the Subcontract until all of its work required by the Subcontract was completed on April 25, 2018.

42. Whiting-Turner's failure to pay for all labor and materials provided by FLC and EPS in furtherance of the Subcontract is a material breach of the Subcontract.

43. EPS is a proper claimant under the Payment Bond pursuant to 40 U.S.C. §3133.

44. EPS has not been paid in full within ninety (90) days after April 25, 2018, i.e. the day on which EPS performed the last of the labor or furnished or supplied the material for which this claim is made pursuant to 40 U.S.C. 3133(b)(1).

44. EPS has satisfied all conditions precedent required for payment under the Payment Bond.

46.     Whiting-Turner, F&D and Liberty Mutual are all jointly and severally liable to EPS pursuant to the terms of the Payment Bond to pay proper claimants for the labor, material and services furnished in the prosecution of the Prime Contract, and for which Whiting-Turner has failed to make payment.

47.     Whiting-Turner, F&D and Liberty Mutual have failed to fulfill their obligations to EPS under the Payment Bond by failing to pay EPS for the labor, materials and services performed by FLC and EPS in furtherance of the Prime Contract, and for which Whiting-Turner has failed to make payment.

48.     EPS has been damaged by the failure of Whiting-Turner, F&D and Liberty Mutual to pay EPS in an amount not less than $ 838,778.76, plus interest.

## JURY DEMAND

EPS demands a trial by jury on all issues so triable.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Energy Panel Structures, Inc., as the assignee of Fingerlakes Construction Company, Inc., hereby prays as follows:

A. On the First Count, judgment against the Defendants, The Whiting-Turner Contracting Company, Fidelity and Deposit Company of Maryland and Liberty Mutual Insurance Company, jointly and severally, in the amount of $ 838,778.76, with interest thereon, together with the costs and disbursements of this action; and

B. Together with such other, further or different relief as this Court may determine is just and equitable under the circumstances.

Dated: November 28, 2018
Rochester, New York

                                              s/ C. Allan Reeve,
C. Allan Reeve, Esq.
New York Bar No. 2424679
REEVE BROWN PLLC
3380 Monroe Ave., Suite 200
Rochester, New York 14618
Telephone: (585) 310-1610
Fax: (585) 287-5272
careeve@reevebrownlaw.com

Attorneys for Plaintiff
Energy Panel Structures, Inc.